UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| McGHEE DUCLOS, CDCR #F-55976,<br><br>            Plaintiff,<br><br>v.<br><br>JESUS RAMIREZ, et al.<br><br>            Defendants. | Case No. 07-CV-1805-W (JMA)<br><br>**REPORT AND RECOMMENDATION RE GRANTING OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>**[Doc. No. 11]** |

This matter comes before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint, brought pursuant to Fed. R. Civ. P. 12(b)(6) and pursuant to the unenumerated provisions of Fed. R. Civ. P. 12(b). Plaintiff has not filed an opposition to Defendants' motion. The Court found the motion suitable for submission without oral argument pursuant to Civil Local Rule 7.1 d.1. For the reasons set forth below, the Court recommends that Defendants' motion be **GRANTED**.

**I.   FACTUAL ALLEGATIONS**

On March 6, 2007, Plaintiff was being transported in a state vehicle from R.J. Donovan Correctional Facility ("Donovan") to

Alvarado Medical Center. Compl. at 3.[1] Defendants Jesus Ramirez and Leslie Mason ("Defendants"), both Correctional Officers, were the transporting officers. Id. Plaintiff was seated in the backseat and was handcuffed and shackled with security chains. Id. Plaintiff alleges that Defendants failed to attach his seat belt. Id. While stopped at the intersection on westbound Otay Mesa Road and State Route 905, the state vehicle was rear-ended by a vehicle driven by a "John Doe" defendant. Id. The impact caused Plaintiff to be hurled forward into the security partition that separates the officers in the front seat from the inmates in the backseat. Id. Plaintiff suffered a grand mal seizure and lost consciousness. Id. Plaintiff, as well as Defendants, were transported by ambulance to Scripps Mercy Hospital. Id. Plaintiff was diagnosed with blunt head trauma. Id. Plaintiff alleges that his head hit the partition because he was not wearing a seat belt at the time of the collision. Id. at 5. Plaintiff contends that his injuries would not have been as severe had he been wearing a seat belt. Id.

Plaintiff alleges two causes of action: First, that Defendants violated his right to be free from cruel and unusual punishment under the Eighth Amendment; and second, that the "John Doe" defendant violated his right to be free from injury by his negligence. Id. at 4. Plaintiff seeks damages in the amount of $400,000, consisting of $100,000 each from Defendants, and $200,000 from the "John Doe" defendant. Id. at 8.

//

---

[1] The page number references used by the Court herein refer to the numbers printed by the Court's docketing system, located at the top of each page.

**II. DEFENDANTS' MOTION TO DISMISS**

As an initial matter, the Court recommends that Defendants' motion to dismiss be granted based on Plaintiff's failure to file an opposition as required by Civil Local Rule 7.1. Civil Local Rule 7.1 f.3.c expressly warns that the failure to file opposition papers may constitute a consent to the granting of a motion. The Ninth Circuit has held that the failure to follow a district court's local rules is a proper ground for dismissal. See Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). Accordingly, the Court recommends that the motion to dismiss be **GRANTED** on the basis of non-opposition. The Court further recommends that the motion to dismiss be granted on the additional grounds discussed below.

**A. Fed. R. Civ. P. 12(b)(6) Motion: Failure to State a Claim Upon Which Relief Can Be Granted**

Defendants seek dismissal of Plaintiff's Complaint on the grounds that Plaintiff has failed to state a cognizable Eighth Amendment claim. Defs.' Mem. at 4.

**1. Legal Standards**

**a. Motion to Dismiss**

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. A claim can only be dismissed if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). The court must accept as true all material allegations in the complaint, as well as reasonable

inferences to be drawn from them, and must construe the complaint in the light most favorable to the plaintiff. N.L. Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).

The court looks not at whether the plaintiff will "ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim, a complaint cannot be dismissed without leave to amend. Conley, 355 U.S. at 45-46; see also Lopez v. Smith, 203 F.3d 1122, 1129-30 (9th Cir. 2000).

Where a plaintiff appears pro se, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) ("Presumably unskilled in the law, the *pro se* litigant is far more prone to making errors in pleading than the person who benefits from the representation of counsel."). In giving liberal interpretation to a *pro se* civil rights complaint, however, a court may not "supply essential elements of the claim that were not initially pled." Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." Id.; see also Jones v. Cmty.

1 Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "The
2 plaintiff must allege with at least some degree of particularity
3 overt acts which defendants engaged in that support the
4 plaintiff's claim."  Jones, 733 F.2d at 649 (internal quotation
5 omitted).

**b.     Eighth Amendment Claim**

"[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."  Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citation omitted).  The Eighth Amendment imposes duties on prison officials to, *inter alia*, take reasonable measures to guarantee the safety of the inmates.  Id. (citations and quotations omitted).  "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety."  Id. at 834.  A prison official must act with "deliberate indifference" to a substantial risk of serious harm to an inmate in order to violate the Eighth Amendment.  Id. at 828, 834.

"Deliberate indifference is a high legal standard."  Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Deliberate indifference" requires that a prison official's alleged act or omission be accompanied by knowledge of a significant risk of harm; a prison official's failure to alleviate a significant risk that he should have perceived but did not is insufficient for Eighth Amendment liability.  Farmer, 511 U.S. at 837-38.  Rather, the prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm

exists," and "must also draw the inference." Toguchi, 391 F.3d at 1057 (citing Farmer, 511 U.S. at 837). "Eighth Amendment liability requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Id. at 835 (citing Whitley v. Albers, 475 U.S. 312, 319 (1986)).

### 2. Discussion

Plaintiff alleges that Defendants acted negligently when they failed to fasten his seat belt. See Compl. at 3 ("Cruel and Unusual Punishment [] [w]hich resulted from defendants' negli-gence") and 5 ("Had not the defendants been negligent . . ."). Deliberate indifference, however, "describes a state of mind more blameworthy than negligence." Farmer, 511 U.S. at 835 (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)). Therefore, the allegations in the Complaint cannot support an Eighth Amendment claim. Because the allegations set forth in the Complaint are insufficient to establish that Defendants acted with deliberate indifference, the Court recommends that Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) be **GRANTED**.

### B.   Fed. R. Civ. P. 12(b) Motion:  Failure to Exhaust Administrative Remedies

Defendants also seeks dismissal of Plaintiff's Complaint pursuant to the unenumerated provisions of Fed. R. Civ. P. 12(b) on the ground that Plaintiff failed to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e(a).

### 1. Legal Standards

Section 1997e(a) of the Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust available administrative remedies before bringing suit challenging prison conditions under

42 U.S.C. § 1983:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). This provision does not impose a pleading requirement, but rather is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Jones v. Bock, 549 U.S. 199, 212, 216 (2007); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).

It is mandatory that a prisoner properly exhaust all available remedies. Woodford v. Ngo, 548 U.S. 81, 85, 93 (2006). A California state inmate exhausts his administrative remedies within the meaning of the PLRA by pursuing administrative appeals through all appropriate and available levels of review. Hazleton v. Alameida, 358 F.Supp.2d 926, 929 (C.D. Cal. 2005). The following four steps are available to California state prisoners: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections and Rehabilitation ("CDCR") or designee. See Woodford, 548 U.S. at 85-86; Irvin v. Zamora, 161 F.Supp.2d 1125, 1129 (S.D. Cal. 2001); see also Cal. Code Regs. tit. 15, §§ 3084 *et seq*. "[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' . . . -rules that are defined . . . by the prison grievance process itself." Jones, 549 U.S. at 218 (citing Woodford, 548 U.S. at 88).

An unenumerated Rule 12(b) motion is the proper means by which to raise a prisoner's failure to exhaust administrative remedies. <u>Wyatt</u>, 315 F.3d at 1119. "In deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." <u>Id.</u> at 1119-20. The proper remedy when nonexhaustion of administrative remedies has been established is dismissal of the claim or claims without prejudice. <u>Id.</u> at 1120.

### 2. Discussion

Defendants contend that Plaintiff failed to exhaust his administrative remedies before bringing suit. Defs.' Mem. at 7. They note that Plaintiff admits that he did not exhaust his administrative remedies (<u>see</u> Compl. at 7) and assert that Plaintiff's admission is supported by CDCR records. Defs.' Mem. at 7.

The Appeals Coordinator at Donovan, E. Franklin, conducted a search for any inmate appeals filed by Plaintiff from March 6, 2007 forward. Franklin Decl., ¶ 4. The search revealed no "received or accepted, processed or screened-out" appeals from Plaintiff. <u>Id.</u>, ¶ 6 & Ex. A.[2] Similarly, M. Vela, a Correctional Counselor II/Appeals Coordinator at the California Men's Colony, conducted a search of any inmate appeals filed by Plaintiff at that facility from March 6, 2007 forward. Vela Decl., ¶ 5.[3] The search revealed three inmate appeals filed by Plaintiff

---

[2] "Screened-out appeals" are those appeals which are not properly or timely submitted. Franklin Decl., ¶ 4. Such appeals are returned to the inmate with instructions on how to cure the defects, if possible. <u>Id.</u>

[3] Plaintiff was incarcerated at the California Men's Colony at the time he filed his Complaint. Compl. at 1. The subject incident occurred when Plaintiff was being transported from Donovan (<u>id.</u> at 3), and Plaintiff has since been relocated to Donovan. <u>See</u> Doc. 12

1 on July 30, 2007, August 14, 2007, and April 3, 2008, none of
2 which pertain to the subject incident. Id., ¶ 6(a)-(c) & Ex. A.
3 No other appeals were processed or accepted for review from
4 Plaintiff. Id., ¶ 7. Finally, N. Grannis, the Chief of the
5 Inmate Appeals Branch for the CDCR, which receives all inmate
6 appeals submitted to the third formal level of review, directed
7 that a search be conducted at that office of any inmate appeals
8 relating to Plaintiff. Grannis Am. Decl., ¶¶ 6-8. The search
9 revealed no appeals received or accepted from Plaintiff, or any
10 appeals which had been rejected by the Office of the Inmate
11 Appeals Branch. Id., ¶¶ 6-8 & Ex. A.

12   Defendants have met their burden of establishing that
13 Plaintiff did not exhaust his administrative remedies prior to
14 bringing this action. Plaintiff's explanation in his Complaint
15 that he did not seek administrative relief because "the actions
16 of [Defendants] cannot be remedied by departmental policy" and
17 thus it would have been "moot" to file an administrative appeal
18 does not alter this finding. Prisoners must exhaust all avail-
19 able remedies, even where the relief sought, e.g., money damages,
20 cannot be granted by the administrative process. Woodford, 548
21 U.S. at 85 (citing Booth v. Churner, 532 U.S. 731, 734 (2001)).
22 Accordingly, the Court recommends that Defendants' motion to
23 dismiss pursuant to Fed. R. Civ. P. 12(b) be **GRANTED**.

24 **III. CONCLUSION**

25   For the reasons set forth above, this Court recommends that
26 the District Judge issue an Order **GRANTING** Defendants' motion to
27 dismiss the complaint.

28 ---

(consisting of change of address filed by Plaintiff).

1 | This report and recommendation will be submitted to the
2 | Honorable Thomas J. Whelan, United States District Judge,
3 | pursuant to the provisions of 28 U.S.C. § 636(b)(1). Any party
4 | may file written objections with the Court and serve a copy on
5 | all parties on or before **February 27, 2009**. The document should
6 | be captioned "Objections to Report and Recommendation." Any
7 | reply to the Objections shall be served and filed on or before
8 | **March 9, 2009**. The parties are advised that failure to file
9 | objections within the specified time may waive the right to
10 | appeal the district court's order. <u>Martinez v. Ylst</u>, 951 F.2d
11 | 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED: February 6, 2009

_____
Jan M. Adler
U.S. Magistrate Judge